# Exhibit 1

NO. D-1-GN-15-000241

| | | |
|---|---|---|
| JOHN GOODE, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| FLEXTRONICS INTERNATIONAL USA, INC., | § | |
| | § | |
| *Defendant.* | § | 98TH JUDICIAL DISTRICT |
| | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Flextronics International USA, Inc. ("Flextronics") files this Original Answer, respectfully showing as follows:

### I.
### GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of the matters pleaded by Plaintiff and requests that the Court require Plaintiff to prove his charges and allegations by a preponderance of the evidence or clear and convincing evidence as required by the Constitution and the laws of the State of Texas.

### II.
### AFFIRMATIVE AND OTHER DEFENSES

#### FIRST DEFENSE

Defendant alternatively pleads that Plaintiff has failed to state, in whole or in part, a claim upon which relief may be granted.

#### SECOND DEFENSE

Defendant alternatively pleads that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.



### THIRD DEFENSE

Defendant alternatively pleads that Plaintiff has failed to exhaust administrative remedies.

### FOURTH DEFENSE

Defendant alternatively pleads that although Plaintiff was not employed by Defendant, Defendant believes that Plaintiff was employed "at-will," as that term is defined under the common law of Texas, and Plaintiff could be terminated at any time for any reason, not specifically prohibited by state or federal law, and with or without cause.

### FIFTH DEFENSE

Defendant alternatively pleads that any actions taken concerning Plaintiff were done for legitimate, non-discriminatory, and non-retaliatory business reasons.

### SIXTH DEFENSE

Defendant alternatively pleads that the employment actions about which Plaintiff complains were taken for reasons other than Plaintiff's race, alleged protected activity, or any other alleged protected status held by Plaintiff.

### SEVENTH DEFENSE

Defendant alternatively pleads, without waiver of Plaintiff's burden to prove all elements of his causes of action, assuming *arguendo* that an impermissible factor was a motivating factor for any employment decision, the same action would have been taken regardless of Plaintiff's race, alleged protected activity, or any other alleged protected status held by Plaintiff.

### EIGHTH DEFENSE

Defendant alternatively pleads that reasonable care was exercised to prevent and correct any discriminatory or harassing behavior and that Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by his employer.



### NINTH DEFENSE

Defendant alternatively pleads that Plaintiff has failed to mitigate his alleged damages, in whole or in part, and further pleads that Defendant is entitled to an offset to the extent of any mitigation by Plaintiff.

### TENTH DEFENSE

Defendant alternatively pleads that Plaintiff's alleged damages are limited by the specific limitations on damages contained in Chapter 21 of the Texas Labor Code, and all other statutory limitations on damages.

### ELEVENTH DEFENSE

Defendant alternatively pleads that Plaintiff has failed to allege facts sufficient to state a claim for punitive damages.

### TWELFTH DEFENSE

Defendant alternatively pleads that Plaintiff cannot recover punitive damages for any alleged discrimination or retaliation, because any such alleged discrimination or retaliation would be contrary to Defendant's good faith efforts to comply with laws governing such conduct.

### THIRTEENTH DEFENSE

Defendant alternatively pleads that, to the extent that any of the individuals alleged to have discriminated or retaliated against Plaintiff engaged in any of the conduct described in Plaintiff's First Amended Original Petition, such actions were outside the scope of their employment, were contrary to the policies and directives of Defendant, and were not done in furtherance of Defendant's business interests.



### FOURTEENTH DEFENSE

Defendant alternatively pleads, upon information and belief, that Plaintiff's alleged damages are limited by the doctrine of after-acquired evidence.

### FIFTEENTH DEFENSE

Defendant alternatively pleads that it was never the Plaintiff's employer and cannot be held liable as such under Chapter 21 of the Texas Labor Code.

### SIXTEENTH DEFENSE

Defendant alternatively pleads that any employment actions taken concerning Plaintiff were taken by Aerotek, and not by Flextronics.

***

Defendant reserves the right to plead additional defenses as appropriate.

### III.
### <u>PRAYER</u>

Defendant Flextronics International USA, Inc. prays that Plaintiff take nothing herein and that Defendant have judgment for its costs and for such other and further relief, at law or in equity, to which it may be justly entitled.



Dated April 3, 2015                    Respectfully submitted,


                                       /s/ Katherine E. Flanagan
                                       Katherine E. Flanagan, SBN 00788945
                                       kflanagan@littler.com
                                       Travis J. Odom, SBN 24056063
                                       todom@littler.com

                                       LITTLER MENDELSON
                                       A Professional Corporation
                                       1301 McKinney Street
                                       Suite 1900
                                       Houston, TX  77010
                                       713.951.9400
                                       713.951.9212 (Fax)

                                       ATTORNEYS FOR DEFENDANT
                                       FLEXTRONICS INTERNATIONAL USA,
                                       INC.


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of April 2015 a copy of the foregoing instrument has been forwarded to the following counsel of record via email:

John F. Melton
The Melton Law Firm, P.L.L.C.
2705 Bee Cave Road, Suite 220
Austin, Texas 78746


                                       /s/ Travis J. Odom
                                       Travis J. Odom



3/16/2015 9:10:24 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-15-000241**

CAUSE NO.  D-1-GN-15-000241

| | | |
|---|---|---|
| JOHN GOODE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 98TH JUDICIAL DISTRICT |
| | § | |
| FLEXTRONICS INTERNATIONAL | § | |
| USA, INC., | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, JOHN GOODE, and files this First Amended Original Petition complaining of Defendant FLEXTRONICS INTERNATIONAL USA, INC. (hereinafter referred to as "Flextronics" or "Defendant") and for cause of action would show the Court the following:

### I.

### DISCOVERY

1.1    Plaintiff intends to conduct discovery under Rule 190.3 (Level 2) of the Texas Rules of Civil Procedure.

### II.

### THE PARTIES

2.1    Plaintiff is an individual who can be contacted through counsel.

2.2    Defendant is an entity that may be served through its counsel who has agreed to accept service.

### III.

### JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1    The amount in controversy exceeds the jurisdictional minimum amount in controversy for



this Court. Plaintiff seeks monetary relief over $1,000,000.

3.2     Pursuant to *Texas Civil Practice and Remedies Code* §15.002, venue is proper in Travis County, Texas, as it is the county in which a substantial part of the events or omissions giving rise to these claims occurred.

3.3     All conditions precedent have been performed or have occurred.

### IV.

### FACTS

4.1     Mr. Goode worked at Flextronics in the quality assurance department and initially assigned to the thermal engineering department. His initial supervisor in the thermal engineering department told him he was both too old and too slow. Later on he was assigned to a new supervisor named Paul Dietrich. Throughout his employment there, Mr. Goode experienced racist behavior at the hands of Paul Dietrich.

4.2     First, Mr. Dietrich would frequently curse around the minority female employees. When Mr. Goode reminded Mr. Dietrich that these were women, he would dismiss it and said they have heard worse.

4.3     Later, Mr. Goode and others heard Mr. Dietrich talk on the phone when he stated that "I don't have anybody here smart enough to teach shit too." He then said, "Oh wait, I have one guy here that can pick it up in fifteen minutes," then pointed to the only white employee present, Thomas Early.

4.4     Essentially Mr. Dietrich believed that all of his minority employees, including Mr. Goode, were too stupid to properly teach how to do their jobs and frequently made that opinion known. Mr. Dietrich was also present when another employee would refer to an older African American employee named Glenn Ross as a "moron" and when Mr. Ross complained to Mr. Dietrich about that, he would just shrug his shoulders.



4.5      This was a common refrain throughout the entire time Mr. Goode was employed there. When

it finally became too much, Mr. Goode called to try to get Mr. Dietrich to stop treating both himself

and all the other minority employees like garbage. Shortly after that Mr. Goode's employment was

terminated.

4.6      Throughout Plaintiff's employment, Defendant Flextronics had sufficient power, control, or

influence so as to be able to adversely affect Plaintiff's employment relationship. Flextronics is an

employer under the Texas Labor Code that had a relationship with a third party and Flextronics

controlled access to the plaintiff's employment opportunities and denied or interfered with that

access based on the unlawful reasons as more fully described above and below.

V.

**CAUSES OF ACTION**

5.1      The allegations contained in Paragraphs 4.1 through 4.6 inclusive are hereby incorporated

by reference for all causes of action.

**Race Discrimination**

5.2      The conduct of Defendant towards Plaintiff, through its agents, employees, managers, and

supervisors, as set forth above, among other activities, constitutes race discrimination in direct

violation of §21.001, *et. seq.*, Labor Code, Vernon's Texas Codes Annotated, which states, in

pertinent part, that:

> "An employer commits an unlawful employment practice if ... the employer ...
> discriminates against an individual ... or ... classifies an employee ... in a manner that
> would deprive or tend to deprive an individual of any employment opportunity or
> adversely affect in any manner the status of an employee."

3



5.3     Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including his termination, because of his race. There is no legitimate non-discriminatory reason for Defendant's actions, and if such a reason is propounded, it is a pretext. Plaintiff's race was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment and otherwise discriminate against him. Unlawful discrimination moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

**Retaliation**

5.4     Defendant retaliated against Plaintiff for making a discrimination complaint, assisting or participating in a discrimination investigation, and otherwise opposing discrimination by the employer. See Texas Labor Code §21.055. Plaintiff made a discrimination complaint, assisted and participating in a discrimination investigation, and opposed a discriminatory practice by Defendant, suffered adverse employment actions as a result in that Defendant terminated Plaintiff's employment and otherwise discriminated against him, and there is a causal connection between the making of the discrimination complaint, and the assistance and participation in a discrimination investigation, and opposition to the discriminatory practice and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below. Alternatively, they were a motivating factor of Defendant with respect to its employment decisions regarding Plaintiff.

4



## VI.

## DAMAGES

6.1     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

## VII.

## COMPENSATORY DAMAGES

7.1     Defendant has intentionally engaged in unlawful employment practices. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

8.1     A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. SEE TEX. LAB. CODE §21.259. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to the Texas Court of Appeals, making or responding to an application for writ of error to the Texas Supreme Court, an appeal to the Texas Supreme Court if an application for writ of error is granted, and post-judgment discovery and collection in the event execution on the judgment is necessary.



## IX.

### PUNITIVE DAMAGES

9.1     Defendant has acted with malice or reckless indifference to Plaintiff's rights. Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial.   Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

## X.

### DEMAND FOR JURY

Plaintiff demands a trial by jury on all issues and has tendered the necessary fee.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1.     Judgment against Defendant for all damages alleged in this petition;

2.     Interest before and after judgment at the highest rate provided by law, until paid;

3.     Reasonable and necessary attorneys' fees and expert witness fees;

4.     Court costs; and

5.     Such other and further relief to which Plaintiff may be justly entitled.

6



Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
2705 Bee Cave Road, Suite 220
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile


/s/ John F. Melton
John F. Melton
State Bar No. 24013155

ATTORNEYS FOR PLAINTIFF





7



C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-15-000241**

JOHN GOODE

, Plaintiff

vs.

FLEXTRONICS INTERNATIONAL

, Defendant

TO:  FLEXTRONICS INTERNATIONAL
     BY SERVING THROUGH ITS REGISTERED AGENT
     CT CORPORATION SYSTEM
     1999 BRYAN STREET SUITE 900
     DALLAS, TEXAS 75201

Filed In The District Court
of Travis County, Texas

JAN 3 0 2015

At 4:00 M.

Defendant, in the above styled and numbered cause:

Velva L. Price District Clerk

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 20, 2015 in the 98TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 22, 2015.,

REQUESTED BY:
JOHN FOSTER MELTON
THE MELTON LAW FIRM, P.L.L.C.
2705 BEE CAVE RD #220
AUSTIN, TX 78746-5685
BUSINESS PHONE:(512)330-0017   FAX:(512)330-0067

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: WINKLER PATRICIA

-- - -- - -- - -- - -- R E T U R N -- - -- - -- - - -- -- - --

Came to hand on the __22__ day of ___Jan___, _2015_ at _2:50_ o'clock _P._M., and

executed at _____ within the County of

_____ on the ____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _74.00_

Sworn to and subscribed before me this the

____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Attached

**RETURN ATTACHED**

By: _____

_____
Printed Name of Server

**DRLS**
516 West Annie St.
Austin, Texas 78704

County, Texas

D-1-GN-15-000241

SERVICE FEE NOT PAID

9069

000026730

▢  Original   ▢  Service Copy

# ORIGINAL

**RETURN**                                           Cause No.   **D-1-GN-15-000241**

Came to hand on the 22nd day of January, 2015, at 2:50 o'clock p.m..

X     Citation
X     Plaintiff's Original Petition
X     Civil Case Information Sheet

Executed at 1999 Bryan Street, #900, Dallas, Tx. 75201, within the County of Dallas, on the  26th day of  January, 2015, at  11:08  o'clock a.m., by delivering to the within named, FLEXTRONICS INTERNATIONAL, by delivering to its Registered Agent, CT Corporation System, by delivering to its employee via U.S.P.S. Certified mail, return receipt requested (see return receipt attached,) a true copy of the above specified civil process, having first endorsed thereupon the date mailed.  I am over eighteen (18) years of age and not a party to or interested in the outcome of the above numbered cause.  I am authorized to serve citations and other notices in this cause by Texas Supreme Court Order #SCH1660, exp. 11/30/2017.  This return is attached to original process or a true copy thereof.  I declare under penalty of perjury that the foregoing is true.

_____Tod E. Pendergrass_____
Printed Name of Process Server

Signature of Authorized Process Server
DRLS, 516 W. Annie, Austin, TX. 78704

**VERIFICATION: STATE OF TEXAS, COUNTY OF TRAVIS**          Re: Melton/9069

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements/facts therein contained are within his/her personal knowledge to be true and correct.  Given under my hand and seal of office on the 29th day of   January   , 2015.

**STAR SALAZAR**
**NOTARY PUBLIC**
**State of Texas**
**Comm. Exp. 04-27-2015**

Star Salazar
Notary Public Signature in and for the State of T E X A S

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Flextronics International
   c/o Its Registered Agent
   C.T. Corporation System
   1999 Bryan Street #900
   Dallas, Texas 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X 
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Chris Wells   JAN 2 ...

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

7012 1010 0000 2412 1505

PS Form 3811, February 2004   Domestic Return Receipt   9069   102595-02-M-1540

1/20/2015 2:50:29 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-15-000241**

CAUSE NO. D-1-GN-15-000241

| | | |
|---|---|---|
| JOHN GOODE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 98TH ____ JUDICIAL DISTRICT |
| | § | |
| FLEXTRONICS INTERNATIONAL, | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, JOHN GOODE, and files this Original Petition complaining of Defendant FLEXTRONICS INTERNATIONAL (hereinafter referred to as "Flextronics" or "Defendant") and for cause of action would show the Court the following:

### I.

### DISCOVERY

1.1     Plaintiff intends to conduct discovery under Rule 190.3 (Level 2) of the Texas Rules of Civil Procedure.

### II.

### THE PARTIES

2.1     Plaintiff is an individual who can be contacted through counsel.

2.2     Defendant is an entity that may be served through its registered agent: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.

### JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1     The amount in controversy exceeds the jurisdictional minimum amount in controversy for



this Court. Plaintiff seeks monetary relief over $1,000,000.

3.2     Pursuant to *Texas Civil Practice and Remedies Code* §15.002, venue is proper in Travis County, Texas, as it is the county in which a substantial part of the events or omissions giving rise to these claims occurred.

3.3     All conditions precedent have been performed or have occurred.

IV.

**FACTS**

4.1     Mr. Goode worked at Flextronics in the quality assurance department and initially assigned to the thermal engineering department. His initial supervisor in the thermal engineering department told him he was both too old and too slow. Later on he was assigned to a new supervisor named Paul Dietrich. Throughout his employment there, Mr. Goode experienced racist behavior at the hands of Paul Dietrich.

4.2     First, Mr. Dietrich would frequently curse around the minority female employees. When Mr. Goode reminded Mr. Dietrich that these were women, he would dismiss it and said they have heard worse.

4.3     Later, Mr. Goode and others heard Mr. Dietrich talk on the phone when he stated that "I don't have anybody here smart enough to teach shit too." He then said, "Oh wait, I have one guy here that can pick it up in fifteen minutes," then pointed to the only white employee present, Thomas Early.

4.4     Essentially Mr. Dietrich believed that all of his minority employees, including Mr. Goode, were too stupid to properly teach how to do their jobs and frequently made that opinion known. Mr. Dietrich was also present when another employee would refer to an older African American employee named Glenn Ross as a "moron" and when Mr. Ross complained to Mr. Dietrich about that, he would just shrug his shoulders.



4.5     This was a common refrain throughout the entire time Mr. Goode was employed there. When

it finally became too much, Mr. Goode called to try to get Mr. Dietrich to stop treating both himself

and all the other minority employees like garbage. Shortly after that Mr. Goode's employment was

terminated.

4.6     Throughout Plaintiff's employment, Defendant Flextronics had sufficient power, control, or

influence so as to be able to adversely affect Plaintiff's employment relationship. Flextronics is an

employer under the Texas Labor Code that had a relationship with a third party and Flextronics

controlled access to the plaintiff's employment opportunities and denied or interfered with that

access based on the unlawful reasons as more fully described above and below.

**V.**

**CAUSES OF ACTION**

5.1     The allegations contained in Paragraphs 4.1 through 4.6 inclusive are hereby incorporated

by reference for all causes of action.

**Race Discrimination**

5.2     The conduct of Defendant towards Plaintiff, through its agents, employees, managers, and

supervisors, as set forth above, among other activities, constitutes race discrimination in direct

violation of §21.001, *et. seq.*, Labor Code, Vernon's Texas Codes Annotated, which states, in

pertinent part, that:

> "An employer commits an unlawful employment practice if ... the employer ...
> discriminates against an individual ... or ... classifies an employee ... in a manner that
> would deprive or tend to deprive an individual of any employment opportunity or
> adversely affect in any manner the status of an employee."

3

5.3     Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including his termination, because of his race. There is no legitimate non-discriminatory reason for Defendant's actions, and if such a reason is propounded, it is a pretext. Plaintiff's race was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment and otherwise discriminate against him. Unlawful discrimination moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

<strong>Retaliation</strong>

5.4     Defendant retaliated against Plaintiff for making a discrimination complaint, assisting or participating in a discrimination investigation, and otherwise opposing discrimination by the employer. See Texas Labor Code §21.055. Plaintiff made a discrimination complaint, assisted and participating in a discrimination investigation, and opposed a discriminatory practice by Defendant, suffered adverse employment actions as a result in that Defendant terminated Plaintiff's employment and otherwise discriminated against him, and there is a causal connection between the making of the discrimination complaint, and the assistance and participation in a discrimination investigation, and opposition to the discriminatory practice and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below. Alternatively, they were a motivating factor of Defendant with respect to its employment decisions regarding Plaintiff.

4



## VI.

## DAMAGES

6.1    As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

## VII.

## COMPENSATORY DAMAGES

7.1    Defendant has intentionally engaged in unlawful employment practices. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

8.1    A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. SEE TEX. LAB. CODE §21.259. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to the Texas Court of Appeals, making or responding to an application for writ of error to the Texas Supreme Court, an appeal to the Texas Supreme Court if an application for writ of error is granted, and post-judgment discovery and collection in the event execution on the judgment is necessary.

5



## IX.

### PUNITIVE DAMAGES

9.1     Defendant has acted with malice or reckless indifference to Plaintiff's rights. Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial.   Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.

## X.

### DEMAND FOR JURY

Plaintiff demands a trial by jury on all issues and has tendered the necessary fee.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1.      Judgment against Defendant for all damages alleged in this petition;

2.      Interest before and after judgment at the highest rate provided by law, until paid;

3.      Reasonable and necessary attorneys' fees and expert witness fees;

4.      Court costs; and

5.      Such other and further relief to which Plaintiff may be justly entitled.

6



Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
2705 Bee Cave Road, Suite 220
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile


/s/ John F. Melton
John F. Melton
State Bar No. 24013155

ATTORNEYS FOR PLAINTIFF

7



## CIVIL CASE INFORMATION SHEET

MAY ENTER CAUSE # / COURT # IF ALREADY ASSIGNED (E.G., FAMILY MOTION, AMENDED PETITION)

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED John Goode v. Flextronics International

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial

**1. Contact information for person completing case information sheet:**

| Name | Email | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| John F. Melton | jmelton@jfmeltonlaw.com | Plaintiff(s)/Petitioner(s) <br> John Goode | [X] Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other _____ |
| Address <br> 2705 Bee Cave Road, #220 | Telephone <br> 512/330-0017 | Defendant(s)/Respondent(s) <br> Flextronics International | Additional Parties in Child Support Case |
| City/State/Zip <br> Austin, Texas 78746 | Fax <br> 512/330-0067 | | Custodial Parent |
| Signature | State Bar No <br> 24013155 | | Non-Custodial Parent |
| | | [Attach additional page as necessary to list all parties] | Presumed Father |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

OPTION A: CK CASE TYPE (EXCEPT OTHER) FOR CLERK TO SELECT SUIT TYPE; SEE SEC. 3 NOTE BELOW *Civil* | *Family Law*

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other <br> **Title IV-D** |
| *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract | ☐ Medical <br> ☐ Other Professional Liability <br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability List Product | **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— Pre-indictment <br> ☐ Other | ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order | |
| | | **Other Family Law** | **Parent-Child Relationship** | |
| OPTION B: CK OTHER & ENTER 3-LETTER SUIT TYPE FOR CLERK TO USE WHEN DOCKETING | ☐ Other Injury or Damage | | ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other | ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child |
| **Employment** | | **Other Civil** | | |
| [X] Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

OPTION C: SECTION 3 PROCEDURES/REMEDIES IN **BOLD** MAY BE USED AS CASE OR SUIT TYPES. YOU MAY SPECIFY THAT ONE OF THESE PROCEDURES/REMEDIES BE USED AS A SUIT TYPE BY CHECKING IT AND LEAVING THE CASE TYPE IN SECTION 2 BLANK. SELECTING A CASE TYPE IN SECTION 2 OVERRIDES ANY SELECTION IN SECTION 3.